## IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | CASE NO. C-1-01-541 |
| BUFORD F. HOUCK, | ) | |
| | ) | Judge Beckwith |
| BETTY J. HOUCK, | ) | Magistrate Judge Sherman |
| | ) | |
| BEN HOUCK ESTATES, | ) | |
| | ) | |
| LIBERTY TRUST, | ) | |
| | ) | |
| OH CANADA TRUST, | ) | |
| | ) | |
| BRENDA C. SHIVELY, | ) | |
| as Trustee of Ben Houck Estates, | ) | |
| WILLIAM L. COMER, | ) | |
| as Trustee of Ben Houck Estates, | ) | |
| BRENT D. HOUCK, | ) | |
| as Trustee of Ben Houck Estates, | ) | |
| BARBARA E. HOUCK, | ) | |
| as Trustee of Ben Houck Estates, | ) | |
| | ) | |
| FIRST FEDERAL SAVINGS & LOAN | ) | |
| ASSOCIATION, | ) | |
| | ) | |
| STATE OF OHIO, DEPARTMENT OF | ) | |
| TAXATION, | ) | |
| Defendants. | ) | |

## UNITED STATES' FIRST AMENDED COMPLAINT[1]

The United States of America, by its attorney, Gregory G. Lockhart United States Attorney for

---

[1]The United States Amends its Original Complaint to add paragraph 3(a) below. No other claims, allegations or facts are changed other than the addition of paragraph 3(a) and the substitution of the name of the present United States Attorney, Gregory G. Lockhart, for the former United States Attorney, Salvador A. Dominguez.

GOVERNMENT EXHIBIT
1

2 of 10

the Southern District of Ohio, pursuant to the provisions of 26 U.S.C. sections 7401(a) and 7403, with authorization of the Secretary of the Treasury and at the direction of the Attorney General of the United States, brings this civil action to:

    (a) reduce assessments against Buford F. Houck to judgment;

    (b) establish the validity of the liens of the United States under 26 U.S.C. section 6321 upon all of the property and rights to property of the defendant-taxpayer, Buford F. Houck and his nominees;

    (c) establish that certain real property has been held by the Ben Houck Estates as a nominee for the defendant Buford F. Houck;

    (d) in the alternative, set aside as fraudulent the conveyance of the certain real property by Buford F. and Betty J. Houck to a trust entitled Ben Houck Estates;

    (e) foreclose the federal tax liens upon the aforementioned real property; and

    and complains and alleges that:

    1. Jurisdiction over this action is conferred upon the district court in 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. § 7402 and 7403.

    2. Venue is proper pursuant to 28 U.S.C. Section 1391, because the property that is the subject of this action is situated in this District.

    3. Buford F. Houck resides at 1739 Kevin Street, Ironton, Ohio, 45638, within the jurisdiction of this Court.

    3(a). Betty J. Houck resides at 1739 Kevin Street, Ironton, Ohio 45638, within the jurisdiction of this Court and is made a defendant in this action as required by 26 U.S.C. § 7403(b), for the reason that she has, or may claim, an interest in the property upon which the United States seeks to foreclose its lien.

    4. The trustees of the Ben Houck Estates Trust are Brenda C. Shively, William L. Comer,

Brent D. Houck, and Barbara E. Houck. Buford F. Houck was an original trustee of the Ben Houck Estates Trust, but has since resigned as trustee.

5. Brenda C. Shively is a trustee of the Ben Houck Estates Trust and is made a defendant in this action as required by 26 U.S.C. § 7403(b), for the reason that she has, or may claim, an interest in the property upon which the United States seeks to foreclose its lien.

6. William L. Comer is a trustee of the Ben Houck Estates Trust and is made a defendant in this action as required by 26 U.S.C. § 7403(b), for the reason that he has, or may claim, an interest in the property upon which the United States seeks to foreclose its lien.

7. Brent D. Houck is a trustee of the Ben Houck Estates Trust and is made a defendant in this action as required by 26 U.S.C. § 7403(b), for the reason that he has, or may claim, an interest in the property upon which the United States seeks to foreclose its lien.

8. Barbara E. Houck is a trustee of the Ben Houck Estates Trust and is made a defendant in this action as required by 26 U.S.C. § 7403(b), for the reason that he has, or may claim, an interest in the property upon which the United States seeks to foreclose its lien.

9. First Federal Savings & Loan Association has a business address of 415 Center Street, Ironton, Ohio, 45638 and is named as a defendant because it claims, or may claim, an interest in the real property that is the subject of this action by virtue of its mortgage interest in the property, recorded April 26, 1977, in Lawrence County, deed volume 360, page 213.

10. Ben Houck Estates has an address of 1739 Kevin Street, Ironton, Ohio 45638, and is named as a defendant because it claims, or may claim, an interest in the real property upon which the United States seeks to foreclose its lien.

11. Liberty Trust has an address of P.O. Box 789, Ironton, Ohio, 45638, and is named as a defendant because it claims, or may claim, an interest in the real property that is the subject of this

3

action by virtue of its mortgage interest in the property, recorded March 15, 1994, in Lawrence Country, deed volume 511, page 063.

12. Oh Canada Trust has an address of P.O. Box 789, Ironton, Ohio, 45638, and is named as a defendant because it claims, or may claim, an interest in the real property that is the subject of this action by virtue of its mortgage interest in the property, recorded October 13, 1994, in Lawrence Country, deed volume 504, page 482.

13. The State of Ohio, Department of Taxation is subject to the jurisdiction of the Court and is named as a party because it may claim an interest in the property that is the subject of this action.

14. The property upon which the United States seeks to foreclose its liens was acquired by Buford F. Houck and Betty J. Houck as joint tenants with right of survivorship, on or about March 9, 1964 and is a parcel of real property located at 1739 Kevin Street, Ironton, Ohio, 45638 and described as follows:

> Being Lot Number Twenty-Four (24) in a subdivision identified as Sedgwick Meadows, continuation of Green Valley Estates, as shown on the recorded plat thereof in Plat Book 5, pages 240 and 241 of the Plat Records of Lawrence County, Ohio.

15. Buford F. Houck has failed to file his 1985, 1986, 1987, 1988, 1990, 1991, 1992, 1993, and 1994, federal income tax returns.

16. On or about December 10, 1984, Buford F. Houck and Betty J. Houck created a trust named the Ben Houck Estates. The original trustees of the Ben Houck Estates were Buford F. Houck, his daughter, Brenda C. Shively, his son, Brent D. Houck, and William L. Comer. Buford Houck later resigned as trustee and was replaced by his daughter, Barbara E. Houck.

17. On or about December 11, 1984, Buford F. Houck purported to convey, by quit-claim deed, his one-half interest in the real property located at 1739 Kevin Street, Ironton, Ohio, to the trust named Ben Houck Estates for little or no consideration. The quit claim deed was recorded on

4

December 12, 1984, and is found in Deed Record 497, page 279 in Lawrence County, Ohio. On or about December 11, 1984, Buford F. Houck purported to convey to the Ben Houck Estates, title to his one-half interest in the personal property contained in the 1739 Kevin Street residence for little or no consideration. The purported transfer by Buford Houck of title to his real and personal property to the Ben Houck Estates was followed, beginning in 1986, by an uninterrupted pattern of failing to file federal income tax returns despite a legal obligation to do so. As a result of his purported transfer of real and personal property, and subsequent incurrence of tax obligations, Buford F. Houck was rendered financially insolvent and unable to fully pay his tax liabilities from assets held in his name.

18. Buford Houck continued to live in the 1739 Kevin Street property after he purportedly transferred it to the Ben Houck Estates. Following the purported transfer, Buford Houck and Betty Houck continued to pay the real estate taxes and the utility expenses of the 1739 Kevin Street property.

19. As a result of Buford Houck's failure to file tax returns for the years 1985, through 1994, and the fact that he had unreported tax liabilities for these periods, a delegate of the Secretary of the Treasury made timely assessments against Buford F. Houck on the dates set forth below:

| Tax Period Ending | Date of Assessment |
|:---:|:---:|
| 198612 | January 6, 1992 |
| 198712 | January 6, 1992 |
| 198812 | January 6, 1992 |
| 199012 | October 16, 1995 |
| 199112 | October 16, 1995 |
| 199212 | October 16, 1995 |
| 199312 | October 16, 1995 |
| 199412 | November 24, 1997 |

20. As of May 14, 2001, the unpaid balance of the assessments, plus accruals, for each period was as follows:

| Tax Period Ending | Unpaid Amount |
|---|---|
| 198612 | $107,378.75 |
| 198712 | $73,355.55 |
| 198812 | $71,628.23 |
| 199012 | $76,728.64 |
| 199112 | $52,173.09 |
| 199212 | $61,778.00 |
| 199312 | $27,801.25 |
| 199412 | $11,758.09 |
| **Total:** | **$482,730.47** |

21. On, or about, the date of assessments, a delegate of the Secretary of the Treasury of the United States of America gave notice of the assessments set forth above, and made demands for payment thereof upon the defendant, Buford F. Houck.

22. As a result of Buford F. Houck's neglect, refusal, and failure to pay the assessments described above, federal tax liens in the amount of the assessments, plus interest and other statutory additions, arose pursuant to 26 U.S.C. §§ 6321 and 6322 and attached to all property and rights to property of the defendant Buford Houck.

23. On June 28, 1995, notice of federal tax lien arising from the assessments of August 5, 1994, for federal income tax liability of Buford F. Houck for tax years 1986, 1987, and 1988, was filed in Lawrence County, Ohio.

24. On April 4, 2000, notice of federal tax lien arising from the federal tax liability of Buford

F. Houck for tax years 1990, 1991, 1992, 1993, and 1994 were filed in Lawrence County, Ohio.

## COUNT I

### Judgment for Amounts Assessed

25. The United States realleges and incorporates herein the allegation in paragraphs 1 through 24 of this complaint.

26. Notwithstanding proper notice and demand for payment of said assessments having been made upon the defendant Buford Houck, he has refused to fully pay such assessments.

27. There remains due and owing upon the aforesaid assessments, less payments and any credits applied, plus accrued interest as of May 14, 2001, the sum of $482,730.47.

## COUNT II

### Establishment of the Lien of the United States

28. The United States realleges and incorporates herein the allegation in paragraphs 1 through 27 of this complaint.

29. Following the making of the assessments of tax and related statutory amounts and after notice and demand for payment of the same, federal tax liens in favor of the United States arose against all of the property and rights to property of the defendant Buford Houck in the amount equal to the unpaid assessments plus interest and other accruals permitted by law.

## COUNT III

### Property Held by Trust as Nominee for Defendants

30. The United States realleges and incorporates herein the allegation in paragraphs 1 through 29 of this complaint.

31. On or about December 4, 1992, and December 6, 1993, a delegate of the Secretary of the

7

Treasury filed nominee liens against the Ben Houck Estates as nominee of Buford Houck for the tax year 1985.

32.  On or about August 30, 2000, a delegate of the Secretary of the Treasury filed nominee liens against the Ben Houck Estates as nominee of Buford Houck for the tax years 1986, 1987, 1988, 1990, 1991, 1992, 1993, 1994, and 1996.

33.  The trust named Ben Houck Estates is the nominee of Buford Houck and the liens attaching to all property and rights to property of Buford Houck attach to the property held in the name of Buford Houck's nominee, Ben Houck Estates.

## COUNT IV

### Setting Aside Fraudulent Conveyance

34. The United States realleges and incorporates herein the allegation in paragraphs 1 through 33 of this complaint.

35.  In the alternative, the purported conveyance by the defendant Buford Houck of his one half interest in his real and personal property located at 1739 Kevin Street, Ironton, Ohio to the trust named Ben Houck Estates, if effective to transfer title to a separate entity that was not Buford Houck's nominee, was done for the purpose of hindering, delaying and defrauding the Unites States as to the payment of future federal taxes.

36.  The purported conveyance by the defendant Buford Houck of his one half interest in his real and personal property located at 1739 Kevin Street, Ironton, Ohio to the trust named Ben Houck Estates was done for the purpose and with the intent to hinder, delay, or defraud either present or future creditors, and is fraudulent as to both present and future creditors.

37. The United States contends that if the purported conveyance to the Ben Houck Estates was

valid, the defendant Buford Houck fraudulently conveyed the Kevin Street property to the Ben Houck Estates for the purposes of hindering, delaying and defrauding the United States as to the payment of the aforesaid delinquent federal taxes, and that therefore said conveyance must be set aside.

## COUNT V

### Foreclosure of Federal Tax Liens

38. The United States realleges and incorporates herein the allegation in paragraphs 1 through 37 of this complaint.

39. All person known to the United States as claiming an interest in or a lien upon the Kevin Street property having been named as defendants herein as required by law, the foreclosure of the liens of the United States upon said property is lawful and necessary.

WHEREFORE, the plaintiff, the United State of America, prays as follows:

a. That the Court enter a judgement for the United States and against defendant Buford F. Houck for the unpaid balance of the assessments described in paragraph 20 above, in the amount of $482,730.47, as of May 14, 2001, plus statutory interest after May 14, 2001.

b. That this Court determine and adjudge that the United States has valid liens upon and against all property and rights to property, real and personal, of Buford F. Houck, and specifically the real property located at 1739 Kevin Street, Ironton, OH, 45638.

c. That this Court order the foreclosure of the United States' liens against the property described above, that this Court order that the property be sold in accordance with the practice of the Courts, and that the proceeds of the sale of the property be distributed in accordance with the finding of this Court and the rights of the United States as herein determined.

d. That in the event that the relief sought herein does not satisfy the indebtedness of the

defendant Buford F. Houck, the United States shall have a deficiency judgment against him for the unsatisfied amount.

e. That the United States be granted its costs of this action, together with such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

GREGORY G. LOCKHART
United States Attorney

IAN HOLTZMAN
Assistant United States Attorney


LARA E. EWENS
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
(202) 307-2822