**United States District Court**
**Southern District of Ohio**
**Western Division**

United States of America,

    Plaintiff,

                                        No.  C-1-01-541
                                        (Beckwith, J.; Novotny, M.J.)

vs.

Buford F. Houck, et al.,

    Defendant.

### REPORT AND RECOMMENDATION[1] THAT DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT (Doc. 44) SHOULD BE DISMISSED

This matter is before the Court on Defendant Buford F. Houck's *pro se* motion to set aside entry of default pursuant to Fed. R. Civ. P. 55 (c). (Doc. 44). On August 16, 2003, default judgment was entered against the following eight defendants in this matter: Ben Houck Estates; Ben Houck Estates trustees Brenda Shivley, William Comer, Brent Houck and Barbara Houck; the Liberty Trust; the OH Canada Trust and the State of Ohio Department of Taxation. (Doc. 42). Defendant Buford Houck filed an answer to plaintiff's complaint, and therefore, was not found in default. (Doc. 3).

Defendant Buford Houck, appearing *pro se*, now asks the Court to set aside the entry of default pursuant to Rule 55 (c). (Doc. 44). However, defendant Buford Houck is not an attorney and may not represent the above-named eight defendant's in this matter. The right to proceed *pro se* in civil actions in federal courts is guaranteed by 28 U.S.C. §§ 1654. Although 28 U.S.C. §§ 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel," that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake. *Shepherd v. Wellman,* 313 F.3d 963, 970 (6th Cir. 2002); *citing Iannaccone v. Law,* 142 F.3d 553, 558 (2d Cir.1998) ("[B]ecause *pro se* means to appear for one's self a person may not appear on another person's behalf in the other's cause."). Thus, by law, an individual may appear in federal court only *pro se* or through legal counsel. Accordingly, defendant Buford Houck,

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

acting *pro se*, cannot represent the interests of the other eight defendants.

In addition, Article III of the United States Constitution requires that parties attempting to invoke federal jurisdiction allege an actual case or controversy. *O'Shea v. Littleton,* 414 U.S. 488, 493-94, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974); *Flast v. Cohen,* 392 U.S. 83, 94-101, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). To satisfy this "case-or-controversy" requirement, "a plaintiff must establish three elements: (1) an injury in fact that is concrete and particularized; (2) a connection between the injury and the conduct at issue-- the injury must be fairly traceable to the defendant's action; and (3) [a] likelihood that the injury would be redressed by a favorable decision of the Court." *Courtney v. Smith,* 297 F.3d 455, 459 (6th Cir.2002) (quoting *Blachy v. Butcher,* 221 F.3d 896, 909 (6th Cir.2000)) (alteration in *Courtney*); *see also Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.,* 528 U.S. 167, 180-81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000); *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

The elements of Article III standing are more than just pleading requirements. *Lujan,* 504 U.S. at 561, 112 S.Ct. 2130. Rather, "each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.,* with the manner and degree of evidence required at the successive stages of the litigation." *Id.; see also Sault Ste. Marie Tribe of Chippewa Indians v. United States,* 288 F.3d 910, 915 (6th Cir.2002) (citing 13A Charles Alan Wright, *et al.*, FEDERAL PRACTICE AND PROCEDURE §§ 3531.15 n. 15 (2001 Supp.)). Injury-in-fact means that the plaintiff has "sustained or is in immediate danger of sustaining some direct injury." *Massachusetts v. Mellon,* 262 U.S. 447, 448, 43 S.Ct. 597, 67 L.Ed. 1078 (1923). "The injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.' " *O'Shea,* 414 U.S. at 493-94, 94 S.Ct. 669. Finally, "[w]ithout evidence that the [plaintiff's] predicted result is 'actual or imminent,' such an injury can only be 'conjectural or hypothetical.' " *Mich. Gas Co. v. FERC,* 115 F.3d 1266, 1271 (6th Cir.1997).

Here, default judgement was not entered against defendant Buford Houck. Thus, defendant Buford Houck has not alleged an actual case or controversy because he has not suffered an injury in fact. In other words, defendant Buford Houck has not sustained a direct injury as result of the entry of default judgment against the above-named eight defendants in this matter. Accordingly, Buford Houck, acting *pro see*, lacks standing to bring a motion to set aside default judgment entered against the above-named eight defendants in this matter.

IT IS THEREFORE RECOMMENDED THAT:

Defendant Buford Houck's *pro se* Motion to Set Aside Default Judgment (Doc. 44) should be **DISMISSED**.

**DATE: November 4, 2003**           s/ Susan M. Novotny
                                     Susan M. Novotny
                                     United States Magistrate Judge