**United States District Court**
**Southern District of Ohio**
**Western Division**

United States of America,

    Plaintiff,

                                  No. C-1-01-541
                                (Beckwith, J.; Novotny, M.J.)

vs.

Buford F. Houck, et al.,

    Defendant.

### ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO AMEND COMPLAINT (Doc. 46)

       This is a federal income tax matter brought by the United States against ten taxpayers. (Doc. 1). Now before the Court is plaintiff's motion for leave to amend its complaint, filed on August 13, 2001. (Docs. 1, 46). Plaintiff requests leave to amend its complaint to add Betty J. Houck as a defendant. (Doc. 46). Plaintiff asserts that amendment is proper because Betty J. Houck is a necessary party to this action. *See id.* No responsive documents have been filed by any of the remaining defendant's in this matter.

       Leave to amend a Complaint must be freely granted when justice requires. Fed. R. Civ. P. 15(a). Rule 15(a) embodies "a liberal policy of permitting amendments to ensure the determinations of claims on their merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987). Denial of a motion to amend is proper "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995), *cert. denied*, 517 U.S. 1121 (1996). "To deny a motion to amend, a court must find 'at least some significant showing of prejudice to the opponent'." *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (citation omitted).

       Plaintiff asserts that the amendment is proper pursuant to 26 U.S.C. § 7403(b). 26 U.S.C. § 7403(b) provides that "all parties who claim, or may claim, an interest in the property upon which the United States seeks to foreclose its liens must be named in an action by the United States to foreclose its liens." Thus, federal law requires the government to join all parties who have an interest in the property. *See U.S. v. Big Value Supermarkets, Inc.* 898 F.2d 493, 496 (6th Cir.1990)(citing I.R.C. §§ 7403(b)).

   Here, Betty Houck is, or was, the wife of Buford Houck, a named defendant in this matter. (Doc. 46). The property subject to this action, was deeded to Buford F. Houck and Betty J. Houck as joint tenants with the right of survivorship. *Id.* As a result, plaintiff asserts Betty J. Houck holds, or did hold, title to the property at issue in the case as a joint tenant with rights of survivorship. *Id.* Thus, because Betty J. Houck claims or may claim an interest in the real property on which plaintiff seeks foreclosure of its liens in this matter, she is a proper party to this action and should be joined as a defendant pursuant to Fed. R.Civ.P. 15(a).

   For good cause shown, and because justice so requires, plaintiff's unopposed motion for leave to amend its complaint (Doc. 46) is **GRANTED** pursuant to Fed. R. Civ. P. 15(a). The Clerk of Courts, therefore, is **ORDERED** to docket the amended complaint attached as an exhibit to document forty-six. All dates established in the current Calendar Order shall **REMAIN UNCHANGED.**


DATE: 11/03/2003        s/ Susan M. Novotny
                Susan M. Novotny
                United States Magistrate Judge