IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>          Plaintiff, )<br>v. )<br>) <br>BUFORD F. HOUCK, et al., )<br>)<br>          Defendants. )<br>_____) | CASE NO. C-1-01-541<br><br>Judge Beckwith |

**MEMORANDUM IN SUPPORT OF UNITED STATES'
MOTION FOR PARTIAL SUMMARY JUDGMENT**

The United States hereby submits this memorandum in support of the United States' Motion for Partial Summary Judgment in the above-captioned proceeding.

**SUMMARY OF CASE**

The defendant Buford F. Houck, who appears pro se in this matter, has not filed a personal income tax return with the Internal Revenue Service (IRS) since 1986. Subsequent to an audit examination in 1997, the Internal Revenue Service (IRS) made assessments against the defendant Buford F. Houck (Houck), for federal income taxes for the years 1985, 1986, 1987, 1988, 1990, 1991, 1992, 1993 and 1994.[1] Houck is indebted to the United States in the total amount of $410,777.58, including interest and penalties, as of June 21, 2004, plus statutory interest that continues to accrue. In this Motion for Partial Summary judgement, the United States seeks to reduce these assessments to judgment. In the United States' complaint, it also seeks to foreclose on certain real property, but the United States reserves this issue for a later time.

---

[1] Tax year 1985 is not at issue in this suit and has been fully paid.

## STATEMENT OF ISSUES PRESENTED

Whether the unpaid federal income tax assessments made by the Internal Revenue Service ("IRS") against Houck for the years 1986, 1987, 1988, 1990, 1991, 1992, 1993 and 1994 should be reduced to judgment.

## STATEMENT OF FACTS

1. On January 6, 1992, after notice and demand for payment, the IRS made a federal income tax assessment against the defendant Buford F. Houck ("Houck") for the year 1986 in the amount of $28,878. *See Ex. 3* (Certified Transcript of Assessments and Payments for Buford F. Houck for 1986). Houck did not file a federal income tax return with the IRS for the year 1986, however, Houck had taxable income in the amount of $77,628. *See id.* Houck continues to owe $2,261.69 in assessed tax and $58,776.07 in accrued interest and penalties for his 1986 tax year. *See Ex. 1* (Affidavit of Debt prepared by IRS Revenue Officer Joan Flach, dated June 16, 2004).

2. On January 6, 1992, after notice and demand for payment, the IRS made a federal income tax assessment against Houck for the year 1987 in the amount of $18,344. *See Ex. 4* (Certified Transcript of Assessments and Payments for Buford F. Houck for 1987). Houck did not file a federal income tax return with the IRS for the year 1987, however, Houck had taxable income in the amount of $60,712. *See id.* Houck continues to owe $44,636.97 in assessed tax and $40,104.37 in accrued interest and penalties for his 1987 tax year. *See Ex. 1* (Affidavit of Debt prepared by IRS Revenue Officer Joan Flach, dated June 16, 2004).

3. On January 6, 1992, after notice and demand for payment, the IRS made a federal income tax assessment against Houck for the year 1988 in the amount of $19,563. *See Ex. 5* (Certified Transcript of Assessments and Payments for Buford F. Houck for 1988). Houck did not file a federal income tax return with the IRS for the year 1988, however, Houck had taxable

income in the amount of $70,588. *See id.* Houck continues to owe $44,943.14 in assessed tax and $39,384.98 in accrued interest and penalties for his 1988 tax year. *See Ex. 1* (Affidavit of Debt prepared by IRS Revenue Officer Joan Flach, dated June 16, 2004).

    4.    On August 5, 1996, after notice and demand for payment, the IRS made a federal income tax assessment against Houck for the year 1990 in the amount of $23,681. *See Ex. 6* (Certified Transcript of Assessments and Payments for Buford F. Houck for 1990). Houck did not file a federal income tax return with the IRS for the year 1990, however, Houck had taxable income in the amount of $65,512. *See id.* Houck continues to owe $41,688.75 in assessed tax and $42,955.61 in accrued interest and penalties for his 1990 tax year. *See Ex. 1* (Affidavit of Debt prepared by IRS Revenue Officer Joan Flach, dated June 16, 2004).

    5.    On August 5, 1996, after notice and demand for payment, the IRS made a federal income tax assessment against Houck for the year 1991 in the amount of $17,479. *See Ex. 7* (Certified Transcript of Assessments and Payments for Buford F. Houck for 1991). Houck did not file a federal income tax return with the IRS for the year 1991, however, Houck had taxable income in the amount of $48,265. *See id.* Houck continues to owe $31,861.56 in assessed tax and $29,408.33 in accrued interest and penalties for his 1991 tax year. *See Ex. 1* (Affidavit of Debt prepared by IRS Revenue Officer Joan Flach, dated June 16, 2004).

    6.    On August 5, 1996, after notice and demand for payment, the IRS made a federal income tax assessment against Houck for the year 1992 in the amount of $22,264.00. *See Ex. 8* (Certified Transcript of Assessments and Payments for Buford F. Houck for 1992). Houck did not file a federal income tax return with the IRS for the year 1992, however, Houck had taxable income in the amount of $68,642. *See id.* Houck continues to owe $37,466.05 in assessed tax

and $35,008.87 in accrued interest and penalties for his 1992 tax year. *See Ex. 1* (Affidavit of Debt prepared by IRS Revenue Officer Joan Flach, dated June 16, 2004).

  7. On August 5, 1996, after notice and demand for payment, the IRS made a federal income tax assessment against Houck for the year 1993 in the amount of $10,669. *See Ex. 9* (Certified Transcript of Assessments and Payments for Buford F. Houck for 1993). Houck did not file a federal income tax return with the IRS for the year 1993, however, Houck had taxable income in the amount of $31,226. *See id.* Houck continues to owe $16,752.14 in assessed tax and $15,832 in accrued interest and penalties for his 1993 tax year. *See Ex. 1* (Affidavit of Debt prepared by IRS Revenue Officer Joan Flach, dated June 16, 2004).

  8. On November 24, 1997, after notice and demand for payment, the IRS made a federal income tax assessment against Houck for the year 1994 in the amount of $4,394. *See Ex. 10* (Certified Transcript of Assessments and Payments for Buford F. Houck for 1994). Houck did not file a federal income tax return with the IRS for the year 1994, however, Houck had taxable income in the amount of $13,617. *See id.* Houck continues to owe $8,053.87 in assessed tax and $5,971.30 in accrued interest and penalties for his 1994 tax year. *See Ex. 1* (Affidavit of Debt prepared by IRS Revenue Officer Joan Flach, dated June 16, 2004).

  9. Houck is indebted to the United States in the total amount of $410,777.58, including interest and penalties, as of June 21, 2004, plus statutory interest that continues to accrue. *See Ex. 1* (Affidavit of Debt prepared by IRS Revenue Officer Joan Flach, dated June 16, 2004).

ARGUMENT

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. When a motion for summary judgment is made, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading and, instead, the adverse party must set forth specific facts showing that there is a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Although the movant initially bears the burden of showing that there are no genuine issues of material fact, once such a showing is made, the party opposing a properly supported motion must "set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Summary Judgment is warranted where, "after adequate time for discovery . . . [the nonmoving party] fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). To establish a genuine issue of fact, the party opposing summary judgment must "do more than simply show that there is some metaphysical doubt as to the material facts," but must come forward with "specific facts showing that there is a genuine issue for trial." Matsushita Electric Industry Corp., Ltd. v. Zenith Radio Corp., 475 U.S. at 586-87. Absent such a showing, summary judgment is appropriate. Celotex Corp. 477 U.S. at 323.

The IRS's assessment is entitled to a presumption of correctness. Sinder v. United States, 655 F.2d 729, 731 (6th Cir. 1981); United States v. Walton, 909 F.2d 915, 919 (6th Cir. 1990);

United States v. Grable, 1991 WL 202620, *2, 946 F.2d 896 (Table) (6th Cir. 1991), cert. denied 503 U.S. 987 (1992).  In Sinder, the Sixth Circuit wrote:

> [T]he burden on the taxpayer is not merely a burden of producing evidence; it is a burden of persuasion by the preponderance of the evidence that the assessment is not correct.  Only if that is shown must the government show...what the correct assessment is.

Sinder, 655 F.2d at 731 (citing Higginbotham v. United States, 556 F.2d 1173, 1175 (4th Cir. 1977)).  Thus, a taxpayer that wishes to challenge the validity of a tax deficiency assessment bears the burden of production and persuasion.

In determining whether the IRS's tax assessments are valid, Certificates of Assessments and Payments (frequently identified as Forms 4340) "are generally regarded as being sufficient proof, in the absence of evidence to the contrary, of the adequacy and propriety of *notices* and *assessments* that have been made."  Gentry v. United States, 962 F.2d 555, 557 (6th Cir. 1992)(emphasis added)(citing United States v. Chila, 871 F.2d 1015, 1018 (11th Cir. 1989), cert. denied 493 U.S. 975 (1989)).  The Certificates of Assessments and Payments "constitute proof of the fact that the assessments were actually made."  Hughes v. United States, 953 F.2d 531, 535 (9th Cir. 1992).  "If a taxpayer does not present evidence indicating to the contrary, [the] court may properly rely on the forms to conclude that valid assessments were made."  Guthrie v. Sawyer, 970 F.2d 733, 737-738 (10th Cir. 1992).  See also Geiselman v. United States, 961 F.2d 1, 6 (1st Cir. 1992), cert. denied 506 U.S. 891 (1992).  Certificates of Assessments and payments for Houck for the years at issue are attached to the *United States' Motion for Summary Judgment* as Govt. Exs. 3-10.

Unless Houck is able to come forward with evidence to rebut the presumptive validity or correctness of the IRS assessments against him for 1986, 1987, 1988, 1990, 1991, 1992, 1993

and 1994, this motion should be granted. We suggest that Houck cannot adduce any evidence sufficient to rebut the presumptive correctness of the assessments.

## CONCLUSION

For the foregoing reasons, the United States' Motion for Summary Judgment should be granted.

                Respectfully submitted,

                GREGORY G. LOCKHART
                United States Attorney


                /s/ Alejandro L. Bertoldo
                ALEJANDRO L. BERTOLDO
                Trial Attorney, Tax Division
                U.S. Department of Justice
                Post Office Box 55
                Ben Franklin Station
                Washington, D.C. 20044
                Telephone: (202) 307-6019
                email: Alejandro.L.Bertoldo@usdoj.gov

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing Memorandum in Support of the United States' Motion for Partial Summary Judgment was filed electronically on July 30, 2004. Notice of this filing will be sent to all parties that have registered for electronic filing by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Service was also made by U.S. Mail, postage prepaid, on the following parties:

```
STATE OF OHIO, DEPARTMENT OF TAXATION
        TAX COMMISSIONER OF OHIO
        30 East Broad Street, 22 Floor
        Columbus, OH 43215

FIRST FEDERAL SAVING & LOAN, ASSOC.
        415 Center Street
        Ironton, OH 45638

BUFORD F. HOUCK
        1739 Kevin Street
        Ironton, OH 45638

BETTY HOUCK
        1739 Kevin Street
        Ironton, OH 45638
```

/s/ Alejandro L. Bertoldo
ALEJANDRO L. BERTOLDO