**United States District Court**
**Southern District of Ohio**
**Western Division**

United States of America,

    Plaintiff,

                                    Case No.  C-1-01-541
                                    Beckwith, J.
                                    Black, M.J.

vs.

Buford F. Houck, et al.,

    Defendants.

**REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT BE GRANTED**

On July 30, 2004, Plaintiff filed a motion for partial summary judgment pursuant to Fed. R. Civ. P. 56 against *pro se* defendant Buford F. Houck ("Houck").  (*See* Doc. 62).  Houck did not file a response to the United States' motion, and, on September 1, 2004, Houck was Ordered to Show Cause why the United States' motion should not be granted.  (Doc. 63).  The time deadline set forth in the Show Cause Order has expired, and Houck has not filed a response to the Court's Order nor filed a response to the United States' properly supported motion for partial summary judgment.

**STATEMENT OF THE CASE AND FACTS**

Houck has not filed a personal income tax return with the Internal Revenue Service (IRS) since 1996.[2]  (doc. 62).  After an audit in 1997, and the IRS made assessments against the Houck for federal income taxes for the years 1985, 1986, 1987,

---

    [1]    Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

    [2]    Because Plaintiff has not responded to Defendant's motion for summary judgment, the Court can rely on the facts stated in defendant's motion.  *See Guarino v. Brookfield Township Trustees,* 980 F.2d 399, 404-05 (6th Cir. 1992) (holding that a district court properly relies upon the facts provided by a moving party when a motion for summary judgment goes unopposed).

1988, 1990, 1991, 1992, 1993, and 1994.[3]

As of June 21, 2004, Houck owes the United States a total of $410,777.58, including interest and penalties, plus statutory interest that continues to accrue. In its motion for partial summary judgment, the United States is now seeking to reduce to judgment the amount of unpaid federal tax assessments made by the IRS against Houck.

## STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which might affect the outcome of the action. *Celotex*, 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

Rule 56(e) requires that the nonmoving party produce some evidence in support of its allegations supporting its claims, by affidavits or as otherwise provided in this rule, setting forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party. Fed.R.Civ.P. 56(e) (*emphasis added*); *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986); *First Nat'l Bank of Arizona v. City Services,* 391 U.S. 253, 289, *reh'g denied,* 393 U.S. 901 (1968). Thus, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248, 106 S. Ct. 2505 (1986).

A court need not give credence to "mere allegations" or draw inferences where they are implausible or not supported by "specific facts." *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505; *see also Mitchell v. Toledo Hosp.,* 964 F.2d 577, 585 (6th Cir.1992). Conclusory allegations are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990) (*citing Patterson v. General Motors Corp.,* 631 F.2d 476, 482 (7th Cir. 1980), *cert. denied,* 451 U.S. 914 (1981)).

---

[3]Tax year 1985 is not at issue in this matter as it has been paid in full.

## DISCUSSION

The IRS's assessment is entitled to a presumption of correctness. *Sinder v. United States*, 655 F.2d 729, 731 (6th Cir. 1981). In *Sinder*, the Sixth Circuit stated:

> [T]he burden on the taxpayer is not merely a burden of producing evidence; it is a burden of persuasion by the preponderance of the evidence that the assessment is not correct. Only if that is shown must the government show . . . what the correct assessment is.

*Sinder*, 655 F.2d at 731 (*citing Higgenbotham v. United States*, 556 F.2d 1173, 1175 (4th Cir. 1977)). In determining whether the IRS's tax assessments are valid, Certificates of Assessments and Payments (identified as Forms 4340) "are generally regarded as being sufficient proof, in the absence of evidence to the contrary, of the adequacy and propriety of notices and assessments that have been made." *Gentry v. United States*, 962 F.2d 555, 557 (6th Cir. 1992). "If a taxpayer does not present evidence indicating to the contrary, [the] court may properly rely on the forms and conclude that valid assessments were made." *Guthrie v. Sawyer*, 970 F.2d 733, 737-738 (10th Cir. 1992)

In support of its motion, the United States has submitted the Certificates of Assessments against Houck for the periods in question in this matter. (*See doc*. 62, Exs. 5-11). The United States maintains that the Certificates "constitute proof of the fact that the assessment were actually made." *See Hughes v. United States*, 953 F.2d 531, 557 (9th Cir. 1992). The United States further maintains that "unless Houck comes forward with evidence to rebut the presumptive validity of corrective of the IRS assessments against him, its motion should be granted." (doc. 62, p. 6-7).

Here, Houck has not responded to the motion, nor provided any evidence to rebut the presumptive validity and accuracy of the IRS assessments against him. Accordingly, the Court finds that the United States should be entitled to judgment as a matter of law.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's motion for partial summary judgment (doc. 62) against Defendant Buford F. Houck be **GRANTED**; and

2. Plaintiff is entitled to recover $410,777.58, including interest and penalties, plus statutory interest that continues to accrue, from Defendant Burford F. Houck, for the IRS tax assessments against him for 1986, 1987, 1988, 1990, 1991, 1992, 1993, and 1994.

Date: *October 5, 2004*   s/Timothy S. Black
Timothy S. Black
United States Magistrate Judge

**United States District Court**
**Southern District of Ohio**
**Western Division**

United States of America,

    Plaintiff,                                  Case No. C-1-01-541

                                                    Beckwith, J.

                                                    Black, M.J

vs.

Buford F. Houck, et al.,

    Defendants.

**NOTICE**

      Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FIFTEEN (15) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).