IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. C-1-01-541 |
| BUFORD F. HOUCK, et al., | ) JUDGE MICHAEL H. WATSON |
| Defendants. | ) |

**UNITED STATES' MEMORANDUM IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

The United States hereby submits this memorandum in support of the United States' Motion for Summary Judgment to foreclose its liens in the above-captioned proceeding.

**SUMMARY OF CASE**

On March 4, 2005, this Court granted the United States' Motion for Partial Summary Judgment, finding the United States entitled to judgment against Buford F. Houck for unpaid federal income tax liabilities for the years 1986, 1987, 1988, 1990, 1991, 1992, 1993 and 1994 in the amount of $410,777.58, including interest and penalties as of June 21, 2004, plus statutory interest that continues to accrue. That order also granted the United States thirty days to file a dispositive motion with respect to foreclosure on the property. This motion seeks to foreclose the federal tax liens that arose upon the assessment of Buford F. Houck's tax liabilities for the years in issue upon his interest in the property located at 1739 Kevin Street, Ironton, Ohio, which has been held by him under the name of Ben Houck Estates as his nominee, or, if there was an actual conveyance to Ben Houck Estates trust, the conveyance was fraudulent and should be set aside.

## STATEMENT OF ISSUES PRESENTED

1. Whether the federal tax liens that arose against Buford Houck attached to the real property located at 1739 Kevin Street, Ironton, Ohio (the "Kevin Street property).

2. Whether the federal tax liens should be foreclosed upon the Kevin Street property.

## STATEMENT OF FACTS

1. On March 4, 1966, Buford F. Houck and his wife Betty J. Houck acquired the real property located at 1739 Kevin Street, Ironton, Ohio, as joint tenants with rights of survivorship, which property is more specifically described as follows:

> *Being Lot Number Twenty-Four (24) in a subdivision identified as Sedgwick Meadows, continuation of Green Valley Estates, as shown on the recorded plat thereof in Plat Book 5, pages 240 and 241 of the Plat Records of Lawrence County, Ohio.*

*See* Govt. Ex. 1.

2. On December 11, 1984, Buford Houck and his wife, Betty J. Houck, created a trust named the Ben Houck Estates. *See* Govt. Ex. 2 (Memorandum of Notice of Execution of Trust Agreement). The original trustees of the Ben Houck Estates were Buford F. Houck, Brenda C. Shively (his daughter), Brent D. Houck (his son), and William L. Comer. *See id.* Buford Houck later resigned as trustee and was replaced by his daughter, Barbara E. Houck.

3. That same day, December 11, 1984, Buford Houck and his wife, Betty J. Houck, quitclaimed their interest in the Kevin Street Property to Ben Houck Estates for stated consideration of ten dollars. *See* Govt. Ex. 3 (Quit Claim Indenture).

4. Also on that same day, December 11, 1984, Buford Houck and his wife, Betty J. Houck, purportedly sold all their personal property, from the television to the china to the alarm

clock for their bedroom, along with many other possessions detailed in a bill of sale to the Ben Houck Estates for ten dollars. *See* Govt. Ex. 4 (Bill of Sale).

     5.     On August 14, 1986, Buford F. Houck executed an "Affidavit of Revocation and Rescission," declaring his intent to no longer pay federal income taxes:

> 24.     ...I do hereby exercise my rights as a free white sovereign citizen of the United States upheld by various court decisions to revoke, rescind, cancel and to render null and void, both currently and retroactively to the time of signing, based upon constructive fraud perpetrated upon me by the U.S. Congress and the Internal Revenue Service, all "Form 1040 Income Tax Returns"...
>
> 25.     That further, I do hereby declare that I am not and never was a "taxpayer" as that term is defined in the Internal Revenue Code...

*See* Govt. Ex. 5.

     6.     On January 6, 1992, the Secretary of the Treasury of the United States made a federal income tax assessment against Houck for the years 1986, 1987 and 1988. *See* United States' Motion for Partial Summary Judgment against Buford F. Houck, Docket #57, granted by this Court in its Memorandum and Order filed March 4, 2005, Docket #69.

     7.     On October 12, 1993, Buford F. Houck recorded in Lawrence County, Ohio, a fictitious mortgage issued from him to Oh Canada Trust. *See* Govt. Ex. 6 (Mortgage Agreement and Contract). The document states at the top of the first page that it should be returned to Buford F. Houck after recording and states in writing along the side of the page that it was created by Buford F. Houck. The mortgage states that it is "to remain in force until such time [*sic*] the total number of $5,000,000.00 (five million and no/100 dollars) shall have been paid to

the Demandant [Oh Canada Trust]." Notably, the document also sets forth that Mr. Houck has no income and is executing the mortgage in his individual capacity, as stated in his own words:

> KNOW ALL MEN BY THESE PRESENTS, that I <u>Buford F. Houck</u>, am a nonresident alien of the corporate United States (District of Columbia) and a nonresident alien, or citizen of the State of the Forum (forum contractus). Whereas I, <u>Buford F. Houck</u>, have no income effectively connected with a trade or business within the United States (District of Columbia), or within the corporate state of the forum contractus, I <u>Buford F. Houck</u>, am an Ohio State Republic, citizen, de Jure, 4th Judicial District, and by these present do, for myself, remise, release and forever quitclaim unto the said Demandant [Oh Canada Trust]...

*See* Govt. Ex. 6.

8. On March 14, 1994, Buford F. Houck recorded in Lawrence County a very similar fictitious mortgage issued from him to Liberty Trust. *See* Govt. Ex. 7 (Mortgage Agreement and Contract). This mortgage was also for five million dollars.

9. On August 5, 1996, the Secretary of the Treasury of the United States made a federal income tax assessment against Houck for the years 1990, 1991, 1992 and 1993. *See* United States' Motion for Partial Summary Judgment against Buford F. Houck, Docket #57, granted by this Court in its Memorandum and Order filed March 4, 2005, Docket #69.

10. On November 24, 1997, the Secretary of the Treasury of the United States made a federal income tax assessment against Houck for the year 1994. *See* United States' Motion for Partial Summary Judgment against Buford F. Houck, Docket #57, granted by this Court in its Memorandum and Order filed March 4, 2005, Docket #69.

11. On March 26, 2002, a return of service of the Complaint on Oh Canada Trust was filed with this Court. *See* Docket # 18. On April 2, 2002, a return of service of the Complaint on Liberty Trust was filed with this Court. *See* Docket # 20. On August 16, 2003, this Court found

Liberty Trust and the Oh Canada Trust in default, along with the Ben Houck Estates and its trustees. *See* Docket #42.

12. The Defendant First Federal Savings Bank filed its answer in this case on September 13, 2001, and asserted in its answer that the mortgage it owned on the Kevin Street Property was paid in full and released of record on March 20, 1996. *See* Docket #4.

13. On March 4, 2005, this Court granted the *United States' Motion for Partial Summary Judgment against Buford F. Houck*, finding the United States entitled to judgment against Buford F. Houck for its assessments for unpaid federal income tax liabilities for the years 1986, 1987, 1988, 1990, 1991, 1992, 1993 and 1994 in the amount of $410,777.58, including interest and penalties as of June 21, 2004, plus statutory interest that continues to accrue. *See* Docket # 69.

**SUMMARY JUDGMENT STANDARD**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. When a motion for summary judgment is made, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading and, instead, the adverse party must set forth specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Although the movant initially bears the burden of showing that there are no genuine issues of material fact, once such a showing is made, the party opposing a properly supported motion must "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Summary Judgment is warranted where, "after

adequate time for discovery . . . [the nonmoving party] fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To establish a genuine issue of fact, the party opposing summary judgment must "do more than simply show that there is some metaphysical doubt as to the material facts," but must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Electric Industry Corp., Ltd. v. Zenith Radio Corp.*, 475 U.S. at 586-87. Absent such a showing, summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 323.

### ARGUMENT

**Federal Tax Liens Arose Upon the Kevin Street Property Upon Assessment Against Buford F. Houck, and the United States Is Entitled To Judgment Foreclosing Those Federal Tax Liens On The Property**

The United States seeks through this action to collect Buford F. Houck's liability for the income tax assessments by enforcing the federal tax liens that arose upon assessment pursuant to 26 U.S.C. § 6321 upon all property and rights to property of Buford F. Houck. To promote the prompt and certain collection of federal taxes, Section 7403 of the Code authorizes the United States to bring suit to enforce its liens and "subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability." 26 U.S.C. § 7403(a); *see United States v. Rodgers*, 461 U.S. 677, 681-82 (1983).

Because this Court has already found that the assessments for the federal income tax liabilities of Buford F. Houck for the years in suit are valid, it logically follows that the United States has valid federal tax liens upon "all property and rights to property" belonging to him at the time of assessment or later acquired by him. 26 U.S.C. §§ 6321, 6322. Under Section 6321

of the Internal Revenue Code ("Code"), 26 U.S.C. § 6321, federal tax liens came into being on the dates the assessments were made against Buford F. Houck and attached to all property and rights to property belonging to him. *See Yardas v. United States*, 899 F.2d 550, 552 (6th Cir. 1990). Section 6321's language is broad and reveals on its face that federal tax liens are meant to reach every interest in property that a delinquent taxpayer might have. *See State Bank of Fraser v. United States*, 861 F.2d 954, 958 (6th Cir. 1988) ("Stronger language could hardly have been selected to reveal a purpose to assure the collection of taxes.

While the property was held in the name of Ben Houck Estates, the uncontested facts show that it was held in that name as nominee for taxpayer Buford Houck. Indeed, Ben Houck Estates, Liberty Trust, and Oh Canada Trust have failed to come forward and claim any interest in the property and have been defaulted, leaving only Buford Houck to assert an interest in the property. Thus, the United States is entitled to foreclose its liens against the property for that reason alone.

Even if the Court were to credit the purported transfer to Ben Houck Estates as actually affecting a transfer of an interest, rather than constituting a transfer from Buford Houck's wife to Buford Houck and simply changing the name in which Buford Houck held title, the transfer of Mr. Houck's interest would not cause the avoidance of the lien for his tax liability because the transfer would have been fraudulent. This Court must look to the property rights conferred on Buford Houck under state law to determine the extent of Buford Houck's interest in the Kevin Street Property upon which a federal tax lien attached. *See United States v. Aquilino*, 363 U.S. 509, 512-14 (1960). The Code "creates no property rights but merely attaches consequences, federally defined, to rights created under state law." *United States v. Bess*, 357 U.S. 51, 55 (1958).

For reasons discussed in this next section, under Ohio law, the transfer, if there was any, should be set aside as fraudulent, and Buford F. Houck should be deemed to have been the true owner of an interest in the Kevin Street Property at the time the assessments were made, the federal tax liens arose, and the notices of those liens were recorded.  Under Section 7403, therefore, the United States is entitled to judgment foreclosing its liens on Mr. Houck's interest in the Kevin Street Property.  The Court "may decree a sale of such property . . . and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States." 26 U.S.C. § 7403(c).  As put by the Supreme Court, "[t]he provisions of § 7403 are broad and profound." *Rodgers*, 461 U.S. at 699.

**Assuming Buford F. Houck Actually Conveyed  The Property To Ben Houck Estates, the Conveyance Was Fraudulent As To The United States.**

This section assumes in the alternative that Buford Houck actually transferred an interest in the Kevin Street Property to Ben Houck Estates in 1984.  When a taxpayer transfers property with an intent to prevent the United States from executing against the property to satisfy delinquent taxes, the United States may seek to set aside the transfer under the fraudulent conveyance laws of the state in which the property is situated.  *See* 28 U.S.C. § 3003(b)(1); *see also Commissioner v. Stern*, 357 U.S. 39, 42 (1958).  Because the Kevin Street Property is located in Ohio and the interest was purportedly transferred on December 11, 1984, the governing statutory provision is the Ohio Uniform Fraudulent Conveyance Act, as set forth in the Ohio Revised Code Annotated §§ 1336.01-1336.12 (this act was superceded by the Ohio Uniform Transfer Act, effective September 28, 1990).  The fraudulent conveyance statute in effect at time of the transfer, rather than the statute in effect at the time of the trial, is applied to

determine whether Buford F. Houck's transfer of his interest in the Kevin Street Property was a fraudulent conveyance. *See Fifth Third Bank of Columbus v. McCloud*, 90 Ohio App.3d 196, 199, 628 N.E. 2d 131, 134 (Ohio Ct. App 1993).

**Pursuant to Ohio R.C. § 1336.04, Buford F. Houck's conveyance of the Property was constructively fraudulent, without regard to actual intent, as it was made without a fair consideration and Buford F. Houck was thereby rendered insolvent.**

Pursuant to Ohio R.C. § 1336.04, a conveyance can be set aside as constructively fraudulent, without regard to actual intent:

> Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without consideration.

Ohio R.C. 1336.04. The showing that must be made by the plaintiff-creditor is therefore threefold: "(1) a conveyance is made; (2) the conveyor is rendered insolvent as a result of the conveyance; and (3) the conveyance is made without "fair consideration." *Cardiovascular & Thoracic Surgery of Canton, Inc. v. DiMazzio*, 37 Ohio App.3d 162, 165, 524 N.E.2d 915, 917 (Ohio App. Ct. 1987).

The assumed transfer in question satisfies all these criteria. Buford F. Houck transferred all his property, both real and personal, in an attempt to make himself uncollectable for income taxes. Buford F. Houck and his wife transferred the Kevin Street Property (for stated consideration of ten dollars) and all their personal possessions (for stated consideration of ten dollars) to the Ben Houck Estates. Under any definition this would constitute inadequate consideration.

Further, Mr. Houck succeeded in rendering himself insolvent. Insolvency was defined by the former Ohio R.C. 1336.02 as follows:

> A person is insolvent when the present fair salable value of his assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured.

Debt was defined to include "any legal liability, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent." Ohio R.C. 1336.01(D). Buford Houck essentially took steps to render himself insolvent and uncollectable on future income tax liabilities. As Buford Houck can produce no evidence that could lead a trier of fact to conclude that this conveyance, if there was one, was done for any reason other than to prevent the United States from executing on the subject property, summary judgment setting aside his conveyance is appropriate.

**Buford F. Houck's Purported Transfer of the Property Should be Set Aside Because He Committed Actual Fraud.**

Even if the court fails to find constructive fraud in the alleged transfer of the property, the court should find actual fraud. The existence of badges of fraud in this case show that Buford F. Houck intended to defraud the United States with the purported transfer of his interest in the Kevin Street Property. "Badges of fraud" are circumstances so frequently attending fraudulent transfers that the inference of fraud arises from them. *Cardiovascular & Thoracic Surgery of Canton, Inc. v. DiMazzio*, 37 Ohio App.3d 162, 165-66, 524 N.E.2d 915, 917-18 (Ohio App. Ct. 1987) (citing 24 Ohio Jurisprudence 3d (1980) 422, Creditors' Rights, Section 754).

These badges of fraud include:

  i. inadequate consideration;

  ii. the relationship of the parties to the transfer;

  iii. the reservation of an interest in the transferred property;

  iv. a threat or pendency of litigation;

  v. transfer of the debtor's entire estate; and

  vi. the debtor's insolvency as a result of the transfer.

*Id*. (citing *In re Maston* (S.D.Ohio 1984), 44 B.R. 880, 882-883 (applying Ohio fraudulent conveyances law); 24 Ohio Jurisprudence 3d (1980), Creditors' Rights, Sections 755-759. The existence of all of the badges except number IV creates a strong inference of actual fraud and makes it incumbent on Buford F. Houck to prove otherwise (although, even number IV is arguably present because a reasonable person would most likely presume that the United States would seek to collect the unpaid income tax liabilities through judicial means). *See Cardiovascular & Thoracic Surgery of Canton, Inc.*, 37 Ohio App.3d at 166, 524 N.E.2d at 919 (four badges); *see also In re Maston*, 44 B.R. 880, 882-83 (Bankr. S.D. Ohio 1984) (four badges).

**The Federal Tax Liens Should Be Foreclosed Even If The Ben Houck Estates Trust Has an Interest in the Property.**

The United States' right to enforce its tax liens is governed by federal, not state, law. *Rodgers*, 461 U.S. at 683 ("[I]t has long been an axiom of our tax collection scheme that, although the definition of underlying property interests is left to state law, the consequences that attach to those interests is a matter of federal law.") (citations omitted). As stated above, Section

7403 authorizes the United States to collect delinquent taxes by bringing suit to subject any property in which the delinquent has an interest to the payment of such taxes. 26 U.S.C. § 7403(a).

Under this statute, the United States can seek the sale of property in which Buford F. Houck has an interest even if -- with respect to all other creditors -- state law shields the property from forced sale. *See Rodgers*, 461 U.S. at 701 ("If § 7403 is intended, as we believe it is, to reach the entire property in which a delinquent taxpayer has or had any 'right, title, or interest,' then state-created exemptions against forced sale should be no more effective with regard to the entire property than with regard to the 'right, title, or interest' itself."); *see also In re Tertwillinger's Catering Plus*, 911 F.2d 1168, 1172 (6th Cir. 1990) ("The Supreme Court has consistently held that the inability of state law creditors to seize a taxpayer's assets in satisfaction of a debt does not prevent the execution of a federal levy.") (citations omitted), *cert. denied*, 501 U.S. 1212 (1991).

## CONCLUSION

Thus, the Court should find that the Kevin Street Property is held by the Ben Houck Estates trust as a nominee of Buford Houck, and the property should be sold and the entire proceeds applied to Mr. Houck's liability. If instead the Court finds that Mr. Houck fraudulently transferred his one-half interest in the property to the Ben Houck Estates trust, then the property should be sold and the proceeds applied as the Court determines based on the interests of Buford Houck and the Ben Houck Estates trust (held by Mrs. Houck). In that event, this is only a motion

for partial summary judgment because the Court will need to take evidence as to the extent to which the interest of the Ben Houck Estates trust was financed through payments made by Buford Houck.

Respectfully submitted,

GREGORY G. LOCKHART
United States Attorney

/s/ Alejandro L. Bertoldo
ALEJANDRO L. BERTOLDO
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone:  (202) 307-6019
email: Alejandro.L.Bertoldo@usdoj.gov

CERTIFICATE OF SERVICE

       It is hereby certified that the attached *United States' Memorandum in Support of its Motion for Summary Judgment* was filed electronically this April 4, 2005. Notice of this filing will be sent to all parties that have registered for electronic filing by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Service was also made by U.S. Mail, postage prepaid, on the following parties:

```
STATE OF OHIO, DEPARTMENT OF TAXATION
           TAX COMMISSIONER OF OHIO
           30 East Broad Street, 22 Floor
           Columbus, OH 43215

FIRST FEDERAL SAVING & LOAN, ASSOC.
      415 Center Street
      Ironton, OH 45638

BUFORD F. HOUCK
      1739 Kevin Street
      Ironton, OH 45638
```

**BETTY HOUCK**
      1739 Kevin Street
      Ironton, OH 45638

                                    /s/ Alejandro L. Bertoldo
                                    ALEJANDRO L. BERTOLDO
                                    Trial Attorney, Tax Division
                                    U.S. Department of Justice
                                    Post Office Box 55
                                    Ben Franklin Station
                                    Washington, D.C. 20044
                                    Telephone: (202) 307-6019
                                    email: Alejandro.L.Bertoldo@usdoj.gov