**United States District Court**
**Southern District of Ohio**
**Western Division**

UNITED STATES OF AMERICA,

       Plaintiff,                      Case No. 1:01-cv-541

vs.                                    Watson, J.
                                    Black, M.J.

BUFORD HOUCK, *et al.*,

       Defendants.

**REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT BE DENIED, AND PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT BE GRANTED**

This matter is now before the Court on Plaintiff's motion for summary judgment, Defendant Buford F. Houck's motion for partial summary judgment, and the Court's pending Show Cause Order. (Docs. 70, 72, 73).

Plaintiff, the United States of America, initiated this civil action to:

(a) reduce assessments against Buford F. Houck to judgment;

(b) establish the validity of the liens of the United States under 26 U.S.C. § 6321 upon all of the property and rights to property of the delinquent taxpayer, Buford F. Houck and his nominees;

(c) establish that certain real property has been held by Ben Houck Estates as a nominee for the Defendant, Buford F. Houck;

(d) in the alternative, set aside as fraudulent the conveyance of the certain real property by Buford F. and Betty J. Houck to a trust entitled Ben Houck Estates; and

(e) foreclose the federal tax liens upon the aforementioned real property.

(Doc. 49).

## STATEMENT OF UNDISPUTED FACTS[1]

1.  On March 4, 1966, Buford F. Houck and his wife Betty J. Houck acquired the real property located at 1739 Kevin Street, Ironton, Ohio, as joint tenants with rights of survivorship, which property is more specifically described as follows:

> *Being Lot Number Twenty-Four (24) in a subdivision identified as Sedgwick Meadows, continuation of Green Valley Estates, as shown on the recorded plat thereof in Plat Book 5, pages 240 and 241 of the Plat Records of Lawrence County, Ohio.*

*See* Govt. Ex. 1.

2.  On December 11, 1984, Buford Houck and his wife, Betty J. Houck, created a trust named the Ben Houck Estates.  *See* Govt. Ex. 2 (Memorandum of Notice of Execution of Trust Agreement).  The original trustees of the Ben Houck Estates were Buford F. Houck, Brenda C. Shively (his daughter), Brent D. Houck (his son), and William L. Comer.  *See id.*  Buford Houck later resigned as trustee and was replaced by his daughter, Barbara E. Houck.

3.  That same day, December 11, 1984, Buford Houck and his wife, Betty J. Houck, quitclaimed their interest in the Kevin Street Property to Ben Houck Estates for

---

[1]  As noted below, Defendant Houck did not respond to Plaintiff's properly supported summary judgment motion.  Thus, the undersigned is relying on the facts provided by Plaintiff in its motion for summary judgment.  *See Guarino v. Brookfield Township Trustees,* 980 F.2d 399, 404-05 (6th Cir. 1992) (holding that a district court properly relies upon the facts provided by a moving party when a motion for summary judgment goes unopposed).

stated consideration of ten dollars.  *See* Govt. Ex. 3 (Quit Claim Indenture).

4.  Also on that same day, December 11, 1984, Buford Houck and his wife, Betty J. Houck, purportedly sold all their personal property, from the television to the china to the alarm clock for their bedroom, along with many other possessions detailed in a bill of sale, to the Ben Houck Estates for ten dollars.  *See* Doc. 71. Ex. 4 (Bill of Sale).

5.  On August 14, 1986, Buford F. Houck executed an "Affidavit of Revocation and Rescission," declaring his intent to  no longer pay federal income taxes:

> 24. ...I do hereby exercise my rights as a free white sovereign citizen of the United States upheld by various court decisions to revoke, rescind, cancel and to render null and void, both currently and retroactively to the time of signing, based upon constructive fraud perpetrated upon me by the U.S. Congress and the Internal Revenue Service, all "Form 1040 Income Tax Returns"...
>
> 25.  That further, I do hereby declare that I am not and never was a "taxpayer" as that term is defined in the Internal Revenue Code...

*See* Doc. 71. Ex. 5.

6.  On January 6, 1992, the Secretary of the Treasury of the United States made a federal income tax assessment against Houck for the years 1986, 1987 and 1988.  *See* Doc. 57.

7.  On October 12, 1993, Buford F. Houck recorded in Lawrence County, Ohio, a fictitious mortgage issued from him to Oh Canada Trust.  *See* Govt. Ex. 6 (Mortgage Agreement and Contract).  The document states at the top of the first page that it should be returned to Buford F. Houck after recording and states in a writing along the side of

the page that it was created by Buford F. Houck.  The mortgage states that it is "to remain in force until such time the total number of $5,000,000.00 (five million and no/100 dollars) shall have been paid to the Demandant [Oh Canada Trust]."  Notably, the document also sets forth that Mr. Houck has no income and is executing the mortgage in his individual capacity, as stated in his own words:

> KNOW ALL MEN BY THESE PRESENTS, that I Buford F. Houck, am a nonresident alien of the corporate United States (District of Columbia) and a nonresident alien, or citizen of the State of the Forum (forum contractus). Whereas I, Buford F. Houck, have no income effectively connected with a trade or business within the United States (District of Columbia), or within the corporate state of the forum contractus, I Buford F. Houck, am an Ohio State Republic, citizen, de Jure, 4th Judicial District, and by these present do, for myself, remise, release and forever quitclaim unto the said Demandant [Oh Canada Trust]...

*See* Doc.71, Ex. 6.

8.  On March 14, 1994, Buford F. Houck recorded in Lawrence County a very similar fictitious mortgage issued from him to Liberty Trust.  *See* Doc. 71, Ex. 7 (Mortgage Agreement and Contract).  This mortgage was also for five million dollars.

9.  On August 5, 1996, the Secretary of the Treasury of the United States made a federal income tax assessment against Houck for the years 1990, 1991, 1992 and 1993. *See* Doc. 57.

10.  On November 24, 1997, the Secretary of the Treasury of the United States made a federal income tax assessment against Houck for the year 1994.  *See* Doc. 57.

11.  On March 26, 2002, a return of service of the Complaint on Oh Canada Trust

was filed with this Court.  (*See* Doc. 18).  On April 2, 2002, a return of service of the Complaint on Liberty Trust was filed with this Court.  (*See* Doc. 20).  On August 16, 2003, this Court found Liberty Trust and the Oh Canada Trust in default, along with the Ben Houck Estates and its trustees. (*See* Doc. 42).

12.  The Defendant First Federal Savings Bank filed its answer in this case on September 13, 2001, and asserted in its answer that the mortgage it owned on the Kevin Street Property was paid in full and released of record on March 20, 1996.  *See* Doc. 4.

## PROCEDURAL HISTORY

On March 4, 2005, the Court granted Plaintiff's motion for partial summary judgment, finding Plaintiff entitled to judgment against Buford F. Houck for unpaid federal income tax liabilities for the years 1986, 1987, 1988, 1990, 1991, 1992, 1993 and 1994 in the amount of $410,777.58, including interest and penalties as of June 21, 2004, plus statutory interest that continues to accrue.  (Doc. 69).

Thereafter, on April 4, 2005, Plaintiff filed a motion for summary judgment seeking to foreclose the federal tax liens that arose upon the assessment of defendant Houck's tax liabilities for the years at issue upon his interest in property located in Ironton, Ohio.  (Doc. 71).  Defendant Houck did not respond to the summary judgment motion.

On May 12, 2005, in light of Defendant Houck's failure to file a timely response to Plaintiff's motion for summary judgment, this Court issued an Order to Mr. Houck to show cause why the motion should not be granted and judgment entered in favor of

Plaintiff.  (*See* doc. 73).  On May 18, 2005, Mr. Houck filed a notarized letter addressed to the Clerk of Courts and a Copy of the Court's Show Cause Order.  (Doc. 74).  The letter neither addressed Plaintiff's motion for summary judgment nor referenced this action in any manner.  Accordingly, the undersigned finds that the documents filed by Mr. Houck are not responsive to the Show Cause Order, and, as a result, defendant Houck has failed to provide any evidence and/or argument creating a genuine issue for trial.  For the reasons that follow, the undersigned recommends that Plaintiff's motion for summary judgment (doc. 71) be granted.[2]

## STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986);  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action.  *Celotex*, 477 U.S. at 323.  All facts and inferences must be construed in a light most favorable to the party opposing the motion.  *Matsushita Elec.*

---

[2] Defendant Houck's failure to respond to the motion for summary judgment warrants granting Plaintiff's motion.  *See* S.D. Ohio Civ. R. 7.2(a)(2).  However, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded.  The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged [his initial] burden."  *Stough v. Mayville Cmty. Schools,* 138 F.3d 612, 614 (6th Cir. 1998) (quoting *Carver v. Bunch,* 946 F.2d 451, 455 (6th Cir. 1991)).

*Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

## DISCUSSION

To promote the prompt and certain collection of federal taxes, section 7403 of the Internal Revenue Code ("the Code") authorizes the United States to bring suit to enforce its liens and "subject any property, of whatever natures, of the delinquent, or in which he has any right, title or interest, to the payment of such tax liability." 26 U.S.C. § 7403(a); *United States v. Rogers*, 461 U.S. 677, 681-82 (1983).

*A. Plaintiff is entitled to judgment as matter of law.*

Under Section 6321 of the Code, 26 U.S.C. § 6321, federal tax liens came into being on the dates the assessments were made against Burford F. Houck, and the liens attached to all property and rights to property belonging to him. *See Yardas v. United States*, 899 F.2d 550, 552 (6th Cir. 1990). Accordingly, Plaintiff can seek the sale of property in which Buford F. Houck has an interest, even if state law shields the property from forced sale with respect to all other creditors. *See Rogers*, 461 U.S. at 701 ("If § 7403 is intended, as we believe it is, to reach the entire property in which a delinquent taxpayer has or had any 'right, title, or interest,' then state-created exemption against forced sale should be no more effective with regard to the entire property than with regard to the 'right, title, or interest,' itself"); *see also In re Tertwillinger's Catering Plus*, 911

F.2d 1168, 1172 (6th Cir. 1990) ("The Supreme Court has consistently held that the inability of state law creditors to seize a taxpayer's assets in satisfaction of a debt does not prevent the execution of a federal levy").

Here, although the property was held in the name of Ben Houck Estates, the uncontested facts show that it was held in that name as nominee for taxpayer Buford Houck.  Moreover, Ben Houck Estates, Liberty Trust, and Oh Canada Trust have failed to come forward and claim any interest in the property and default judgment has been entered against them, leaving only Buford Houck with an interest in the property.

Defendant Houck has failed to offer any evidence and/or argument refuting Plaintiff's claim that the property was not transferred, but, instead, was held by Ben Houck Estates trust as a nominee of Buford Houck.  Accordingly, the undersigned finds that the property was not transferred, and that Buford F. Houck has an interest in the Kevin Street property.  Accordingly, as demonstrated above, pursuant to 26 U.S.C § 7403, Plaintiff is entitled to a judgment foreclosing its liens on Buford Houck's interest in the Kevin Street property.

   B.  *Defendant Houck is not entitled to partial summary judgment.*

As noted above, Defendant Buford Houck has also filed a motion for partial summary judgment.  (Doc. 70).  However, Mr. Houck has failed to provide or reference any evidence in support of his motion as required by Federal Rule 56(c).  Accordingly, Mr. Houck has failed to establish the absence of any genuine issue(s) as to any material fact relating to his motion, and he has not established that he is entitled to judgment as a

-8-

matter of law. *See Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 247-48.

Thus, upon a careful review of the record and a careful consideration of the merits of Plaintiff's motion for summary judgment, the undersigned finds that there is no genuine issue as to any material fact and that Plaintiff is entitled to judgment as a matter of a law.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's unopposed motion for summary judgment (doc. 71) be **GRANTED**, and Plaintiff be entitled to foreclose the federal tax liens on the Kevin Street Property;

2. Buford F. Houck be deemed the true owner of the Kevin Street property, the Kevin Street Property be sold, and the proceeds from the sale be applied to Mr. Houck's tax liability; and

3. Defendant Buford F. Houck's motion for partial summary judgment (doc. 70) be **DENIED**.

**DATE:  September 14, 2005**                     s/ Timothy S. Black
                                                                      Timothy S. Black
                                                                      United States Magistrate Judge

**United States District Court**
**Southern District of Ohio**
**Western Division**

UNITED STATES OF AMERICA,

      Plaintiff,                         Case No. 1:01-cv-541

vs.                                    Watson, J.
                                    Black, M.J.

BUFORD HOUCK, *et al.*,

      Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).