UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,

    Plaintiff(s),

v.                                                         Case No. 1:01cv541

                                                                       (Judge Michael H. Watson)

Buford F. Houck, et al.,

    Defendant(s).

## ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation filed September 14, 2005 (Doc. 76).

Proper notice has been given to the parties under 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the Report and Recommendation in a timely manner. See United States v. Walters, 638 F.2d 947 (6th Cir. 1981). Defendant Buford Houck filed Objections to the R&R which were non-responsive. (Doc. 77)[1]

Having reviewed this matter de novo pursuant to 28 U.S.C. § 636, the Court finds the Magistrate Judge's Report and Recommendation to be correct.

Accordingly, it is **ORDERED** that the Report and Recommendation of the Magistrate Judge is hereby **ADOPTED.** Defendant Buford F. Houck's Motion for Partial Summary

---

[1] Defendant has filed a notarized statement that "This Matter Has Been Settled and Closed Without Controversy." Attached to the statement is the copy of the R&R, a "Registered Bill of Exchange" and Notice addressed to the Secretary of the Department of the Treasury and a Notice to the IRS.

Judgment (Doc. 70[2]) is denied; Plaintiff's Motion for Summary Judgment (Doc. 71) is granted entitling Plaintiff to foreclose the federal tax liens on the Kevin Street Property; Buford F. Houck is deemed the true owner of the Kevin Street Property; the property will be sold and the proceeds from the sale will be applied to Mr. Houck's tax liability.

*/s/ Michael H. Watson*
Michael H. Watson
United States District Judge

bac   November 1, 2005

---

[2] The Court notes that Defendant Houck's Motion for Partial Summary Judgment (Doc. 70) is not a Motion, but was inadvertantly docketed as such due to the reference to a Motion for Partial Summary Judgment on the face of the document. Upon further review, the Court notes that this reference is referring to this Court's Order Adopting the Magistrate's R&R and granting Plaintiff's Motion for Partial Summary Judgment, a copy of which is attached to the document. Even if the Court were to somehow construe Document 70 as a Motion by Defendant, this Motion hereby is DENIED for the reasons stated by the Magistrate Judge.