

OH Canada Trust
P.O. Box 789
Ironton, OH 45638

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

United States of America,

    Plaintiff,

v.

Buford F. Houck, et al.,

    Defendants.

Case No. 1:01cv541

Judge Michael R. Barrett

## ORDER

A final judgment was entered by this Court in the above-captioned action, on October 3, 2005, ordering that the plaintiff's federal tax liens be foreclosed and that the subject property located at 1739 Kevin Street, Ironton, Ohio ("Property"), which is more fully described below, be sold pursuant to 28 U.S.C. § 2001:

> Being Lot Number Twenty-Four (24) in a subdivision identified as Sedgwick Meadows, continuation of Green Valley Estates, as shown on the recorded plat thereof in Plat Book 5, pages 240 and 241 of the Plat Records of Lawrence County, Ohio.

Accordingly, it is hereby ORDERED as follows:

1. The IRS Property, Appraisals and Liquidation Specialist ("IRS PALS"), Small Business/Self-Employed, Keith Thomas, or such representative as he may appoint or employ, is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the subject property.

2. The IRS PALS or his representative is authorized to have free access to the Property and to take all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security

devices on any part of the property, until the deed to the Property is delivered to the ultimate purchaser.

3. The terms and conditions of the sale are as follows:

   a. the sale of the Property shall be free and clear of the interests of Buford F. Houck, Ben Houck Estates, Liberty Trust, OH Canada Trust, Brenda C. Shively, William L. Comer, Brent D. Houck, Barbara E. Houck, First Federal Savings & Loan and Betty J. Houck.

   b. the sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinance) affecting the Property, and easements and restrictions of records, if any;

   c. the sale shall be held either at the courthouse of the county or city in which the Property is located or on the Property's premises;

   d. the date and time for sale are to be announced by the IRS PALS or his representative;

   e. notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Lawrence County, Ohio, and, at the discretion of the IRS PALS or his representative, by any other notice that he or his representative deems appropriate. The notice shall contain a description of the Property and shall contain the terms and conditions of sale in this order of sale;

   f. the minimum bid is fifty thousand dollars ($50,000.00). If the minimum

bid is not met or exceeded, the IRS PALS or his representative may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid;

g. the successful bidder(s) shall be required to deposit at the time of the same with the IRS PALS or his representative a minimum of $10,000, with the deposit to be made by certified or cashier's check or cash payable to the United States District Court for the Southern District of Ohio. Before being permitted to bid at the sale, bidders shall display to the IRS PALS or his representative proof that they are able to comply with this requirement. No bids will be received from any person(s) who have not presented proof that, if they are the successful bidder(s), they can make the deposit required by this order of sale;

h. the balance of the purchase price for the Property is to be paid to the clerk of this Court within thirty (30) days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the Southern District of Ohio. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale with any amount remaining to be applied to the income tax liabilities of the defendant Buford Houck at issue herein. The realty shall be again offered for sale under the terms and conditions of this order of sale. The United

        States may bid as a credit against its judgment without tender of cash;

i.    the sale of the Property shall be subject to confirmation by this Court. On confirmation of the sale, the IRS PALS shall execute and deliver a quit claim deed conveying the Property to the purchaser. On confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by all parties to this action are discharged and extinguished. The IRS PALS shall make return of the Confirmation of Sale for the Property, with his proceedings endorsed thereon, showing the manner in which he has executed the same, within sixty (60) days from the date of the sale of the Property; and

j.    the sale is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

4.    Until the Property is sold, Buford Houck shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the Property) in its current condition including, without limitations, maintaining a fire and casualty insurance policy on the Property. He shall neither commit waste against the Property nor cause or permit anyone else to do so. He shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. The defendant Buford Houck shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

5. All persons occupying the Property shall leave and vacate the Property permanently within thirty (30) days of the date of this Order of Sale, each taking his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property). If any person fails or refuses to leave and vacate the Property by the time specified in this Order of Sale, the IRS PALS is authorized and directed to take all actions that are reasonably necessary to bring about the ejectment of those persons. If any person fails or refuses to remove his or her personal property from the Property by the time specified herein, the personal property remaining on the Property thereafter is deemed forfeited and abandoned, and the IRS PALS is authorized to remove it and to dispose of it in any manner he sees fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution. The proceeds arising from the sale are to be paid to the Clerk of this Court and applied as far as they shall be sufficient to the following items, in the order specified:

1. To the IRS PALS for the costs of the sale;

2. To all taxes unpaid and matured that are owed to Lawrence County for real property taxes on the Property;

3. To the federal income taxes of Buford Houck for the years 1986, 1987, 1988, 1990, 1991, 1992, 1993, and 1994, plus all interest and penalties due and owing thereon;

Any balance remaining after the above payments shall be held by the Clerk until further order of the Court.

**IT IS SO ORDERED.**

                                              _/s/ Michael R. Barrett_
                                              Michael R. Barrett, Judge
                                              United States District Court